```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION

UNITED STATES OF AMERICA       }
                               }
v.                             }
                               }       CASE NO.
STEVE RANDY HOLLAND            }
                               }       CR-94-AR-263-NE
```

## ADDENDUM TO MEMORANDUM OPINION
## OF JULY 11, 2005

After issuing its opinion of July 11, 2005, this court received two new slip opinions from the Eleventh Circuit, both of which deserve comment. If the court had known of them on July 11, 2005, it would have mentioned both of them.

### *United States v. King*

The first and more important new decision is *United States v. King*, ____ F. 3d ____, 2005 WL 1531068 (11th Cir. 2005), decided by the Eleventh Circuit on June 30, 2005. In *King*, the Eleventh Circuit said:

> [N]either this court nor the Supreme Court has addressed whether *Blakely* and *Booker* applied to restitution orders under the MVRA, and other circuits are, at best (from appellant's point of view) split as to whether they do.

*Id*. at ____.

Without being aware of *King*, this court wrote with assurance that *Booker* applies to restitution orders within the Eleventh Circuit, and cited for the proposition that restitution is a penal sanction,

*United States v. Johnson*, 983 F. 2d 216 (11th Cir. 1993), wherein the Eleventh Circuit had held:

> [T]he Supreme Court has stated that though restitution resembles a judgment "for the benefit of" the victim, **it is penal rather than compensatory.**

*Id*. at 220 (emphasis supplied).

In *King*, the Eleventh Circuit was only called upon to decide the narrow issue of whether the absence of a jury trial on the restitution issue constituted the kind of "plain error" that could be raised on appeal without having been raised in the court below. The Eleventh Circuit did not reach, and was not asked to reach, the question addressed on June 11, 2005, by this court. While footnote 1 in *King* reflects differing opinions by other circuits on the subject, the Eleventh Circuit resolved its immediate problem by quoting from *United States v. Aguillard*, 217 F. 3d 1319, 1321 (11th Cir. 2000), as follows:

> "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue".

If and when the Eleventh Circuit does address *Booker* as it applies to restitution, that Court will not only be faced with what it said in *Johnson*, but what it had previously held in *United States v. Hairston*, 888 F. 2d 1349 (11th Cir. 1989), namely:

> Restitution is not a civil matter; **it is a criminal penalty** meant to have a strong deterrent and rehabilitative effect.

*Id*. at 1355 (emphasis supplied).

In *United States v. Twitty*, 107 F. 3d 1482, 1493 n. 12 (11th Cir. 1997), the Eleventh Circuit quoted favorably its holding in *Hairston*. When the Seventh Circuit in *United States v. George*, 483 F. 3d 470, 473 (7th Circ. 2005) (referred to in footnote 1 in *King*), found that *Booker* is not implicated in the imposition of a restitution order, it depended upon its previous holding that restitution "is not a criminal punishment but instead a civil remedy". It takes no imagination to conclude that the *Booker* reasoning will preclude future restitution orders within the Eleventh Circuit unless the facts necessary to the restitution are first found by a jury beyond a reasonable doubt, or a jury trial on the restitution issue is unequivocally waived by the defendant, or the Eleventh Circuit, by *en banc* reconsideration, repudiates what it held in *Hairston, Johnson* and *Twitty*.

### *United States v. Pipkins*

The other Eleventh Circuit case of which this court was not aware on July 11, 2005, is *United States v. Pipkins*, ____ F. 3d ____, 2005 WL 1421449 (11th Cir. 2005), decided on June 20, 2005. In *Pipkins*, the Eleventh Circuit vividly describes what is to be reasonably expected from defense counsel by way of performance. *Pipkins* bolsters this court's conclusion that Holland's counsel came up short when he failed to raise the Sixth Amendment question at trial, at sentencing, and on direct appeal. The Eleventh

Circuit, reconsidering its prior *Pipkins* opinion after it had been vacated by the Supreme Court and the case remanded for a new look in light of *Booker*, held:

> The Defendants contend that they failed to raise this issue in their initial briefs because our precedent at the time categorically precluded an *Apprendi*-type challenge. *See United States v. Sanchez*, 269 F. 3d 1250, 1262-63 (11th Cir. 2001) (*en banc*) ("*Apprendi* does not apply to judge-made determinations pursuant to the Sentencing Guidelines"). **But the Defendants' failure to make their argument in their initial brief is not excused by the fact that our precedent was then to the contrary. Even if our precedent at the time foreclosed their argument, the Defendants still had to raise this issue in their initial brief and assert that our precedent was wrongly decided in order for us to consider it. It is through this process that the law evolves. By making such an argument in their initial brief to this court, the Defendants would have preserved their argument for further appellate review, both in this court and in the Supreme Court.** *See Levy*, 379 F. 3d at 1243 n. 3 (noting that "**while Levy may not have predicted the Supreme Court's ultimate conclusions in *Blakely*, it is also true that the general argument that a jury must determine all facts regarding sentence enhancements was available to Levy and indeed made by defendants ever since the Sentencing Guidelines came into being**").

*Id.* at ____ (emphasis supplied).

It can readily be seen from the Eleventh Circuit's implicit but devastating criticism of Pipkins' counsel, that the same thing can be said of the sad performance by Holland's counsel in 1995. Holland was sentenced after the Sentencing Guidelines had "come into being". The contention that a jury determination is necessary for all issues affecting the sentence certainly "was available" to Holland, and therefore should have been raised by his counsel.

This is precisely what this court held in its original opinion on July 11, 2005, without this most recent guidance of the Eleventh Circuit. Holland's counsel, even if he was faced with an uphill fight, "had to raise the issue", because it is through effective assistance of counsel that "the law evolves", as it did, into *Booker*.

## Conclusion

The holding in *Johnson* that restitution is penal was necessary to the central holding in *Johnson*, namely, that a victim has no standing to complain about a denial of restitution under the VWPA. In the instant case, the victim bank may, by now, be aware that it will receive no further restitution payments from Holland or from Hicks. If it believes that *Johnson* was wrongly decided, or that 18 U.S.C. § 3771, the new, mushy, "feel good" statute with the grand title "*Crime Victims' Rights*", abrogated *Johnson* by including among the victims' "rights", "the right to full and timely restitution as provided by law", the bank may, of course, mount an appeal from the order of June 11, 2005.

The memorandum opinion of July 11, 2005, is AMENDED and EXTENDED accordingly.

DONE this 26th day of July, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE