```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION

UNITED STATES OF AMERICA      }
                              }      CASE NO.
v.                            }
                              }      CR-94-AR-263-NE
STEVE RANDY HOLLAND           }
```

**ADDENDUM TO MEMORANDUM OPINION OF NOVEMBER 23, 2005**

When the court earlier today was speculating about *Bivens* as an alternate means for Holland to obtain redress, the court overlooked another possible vehicular alternative for Holland. Although 18 U.S.C. 3664(k) had not been enacted when the sentence was imposed in Holland in 1995, that statute may apply retroactively to an outstanding restitution obligation imposed before the effective date of the statute, which allows a revision or adjustment in a restitution obligation "as the interests of justice require" in the event of "material changes in the defendant's economic circumstances". The discharge of the joint restitution obligation of Hicks, no matter how it happened, constituted a material change in Holland's economic circumstances, justifying the elimination of Holland's restitution obligation in the interest of justice, so as to bring him even with Hicks. The sentencing court certainly does not lack jurisdiction over a motion brought under 18 U.S.C. § 3664(k) at any time a restitution obligation remains undischarged.

DONE this 23rd day of November, 2005.

                                              _____
                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE